UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **Lauren Marlow,** | ) | |
| **Plaintiff** | ) | |
|  | ) | |
|  | ) | **Civil Action No._____** |
| **v.** | ) | |
|  | ) | |
|  | ) | |
| **Credit Bureau Collection Services,** | ) | |
| **Inc., an Ohio corporation,** | ) | |
| **Defendant** | ) | |
|  | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Lauren Marlow (herein, "Plaintiff"), an individual consumer, against Credit Bureau Collection Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (herein, the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. 15 U.S.C. § 1692(a). Two of Congress's stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt

1

collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e). Therefore, Congress intended the Courts to be both the proper avenue for consumers to seek redress from debt collectors who engage in deceptive behavior and the proper shield for lawful debt collectors to have their commercial interests protected by a level playing field in the nation's economic system of free enterprise.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Lauren Marlow, is a natural person residing in Decatur, DeKalb County, Georgia.

4. Defendant, CREDIT BUREAU COLLECTION SERVICES, INC. is an Ohio corporation registered as a foreign corporation with the Secretary of State of

Georgia with its registered agent located at 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

5. Defendant transacts business in this state.

6. Defendant's transactions in this state give rise to the Plaintiff's cause of action.

7. Defendant is subject to the jurisdiction and venue of this Court.

8. Defendant may be served by personal service upon any authorized agent or officer at its principal place of business in the state of Ohio: 236 E. Town Street, Columbus, Ohio 43215.

9. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia and Ohio as applicable.

## IV. FACTUAL ALLEGATIONS

10. The principal purpose of Defendant is the collection of consumer debts.

11. Defendant regularly attempts to collect consumer debt alleged to be due another.

12. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

13. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, Defendant communicated with Plaintiff and others in manners which violated the Fair Debt Collection Practices Act.

15. On or about May 19, 2011, an employee of Defendant identifying himself as "Eric Logan" contacted Plaintiff's mother via telephone.

16. Plaintiff had not resided with her mother for over seven years.

17. Defendant's employee identifying himself as "Eric Logan" told Plaintiff's mother, a third party, that he was calling about a debt.

18. Plaintiff's mother forwarded Defendant's message to Plaintiff and Plaintiff contacted Defendant.

19. Plaintiff spoke with Defendant's employee identifying himself as "Eric Logan" on or about May 19, 2011. (Affidavit of Lauren Marlow ¶ 1, 2).

20. Defendant's employee identifying himself as "Eric Logan" told Plaintiff he was contacting her regarding an alleged debt owed to a third party not a party to this litigation for services allegedly rendered during the summer of 2004. (Aff. of Marlow ¶ 3).

21. The alleged debt was incurred for personal, family, or household services, thus making it a consumer debt pursuant to the FDCPA, 15 U.S.C. § 1692a(5).

22. Plaintiff told Defendant's employee identifying himself as "Eric Logan" that she had no recollection of the alleged services rendered.

23. Plaintiff asked Defendant's employee identifying himself as "Eric Logan" if there were any statutes of limitation pertaining to the collection of the alleged debt. (Aff. of Marlow ¶ 4).

24. Defendant's employee identifying himself as "Eric Logan" told Plaintiff that there were no statutes of limitation concerning her alleged debt. (Aff. of Marlow ¶ 4).

25. The statute of limitation for filing suit on an account in the state of Georgia is four years.

26. The statute of limitation for filing suit on a contract in the state of Georgia is six years.

27. Plaintiff has suffered emotional distress and damage to reputation because of the actions of the Defendant.

## V. CLAIM FOR RELIEF

28. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 27.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  i. The Defendant violated 15 U.S.C. § 1692b by stating that Plaintiff owed a debt when Defendant communicated with a person other than the Plaintiff.

  ii. The Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than the consumer in connection with the collection of a debt.

  iii. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

  iv. The Defendant violated the plain statutory language of 15 U.S.C. § 1692e(2)(A) by using false, deceptive, or misleading representation or means in connection with the collection of any debt by falsely representing the legal status of the alleged debt.

  v. The Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representation or means in connection with the collection of a debt or to obtain information concerning a consumer.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Actual damages to be determined by a jury;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19th day of August, 2011.

**ARMOR LAW, LLC**

/S/Chris Armor
_____
Christopher N. Armor
Georgia Bar No. 614061
Attorney for Plaintiff
315 West Ponce de Leon Avenue, Suite 548
Decatur, Georgia 30030
Phone: (404)254-0367
Fax: (404)592-6102
Email: chris.armor@armorlaw.com